IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ZARATA SCOTT, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 07-451-JJF |
| | : |
| PROVIDENCE CREEK ACADEMY, | : |
| CHARLES TAYLOR, AUDREY | : |
| ERSCHEN, and ANDREA SPENCE, | : |
| | : |
| Defendants. | : |

Zarata Scott, Pro se Plaintiff, Dover, Delaware.

**MEMORANDUM OPINION**

April 29, 2008
Wilmington, Delaware

Farnan, District Judge

Plaintiff Zarata Scott Smith filed this lawsuit on July 20, 2007. She appears pro se and was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 5.) The Court entered a service Order and subsequently dismissed the case due to Plaintiff's failure to submit the USM-285 forms required for service. Now before the Court is Plaintiff's Motion To Reopen The Case. (D.I. 9.) For the reasons discussed below, the Court will grant the Motion, will vacate the July 30, 2007 service Order, enter a new service order, and dismiss the individual Plaintiffs Charles Taylor ("Taylor"), Audrey Erschen ("Erschen"), and Andrea Spence ("Spence") as the Complaint and its amendment fail to state a claim against them upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

I. BACKGROUND

Plaintiff filed this lawsuit pursuant to 42 U.S.C. § 2000e-5 alleging discriminatory conduct in connection with her employment at Providence Creek Academy, Clayton, Delaware. (D.I. 2.) Plaintiff alleges that she was terminated on the basis of her race and color when she failed to teach a foreign language that she was not qualified to teach. The Equal Employment Opportunity Commission's ("EEOC") right to sue letter indicates that Defendant Taylor is the managing director of Defendant Providence

-1-

Creek Academy.

On July 30, 2007, the Court entered a service Order providing for service upon Defendants. (D.I. 6.) Plaintiff failed to timely submit USM-285 forms as required and the case was closed. Plaintiff filed a Motion To Reopen the case and followed it with a one page letter/Amended Complaint stating that it was to "serve as a request for a motion to enter Audrey Erschen and Andrea Spence as Defendants" to this case. (D.I. 9, 11.)

## II.  STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. Section 1915(e)(2)(B) provides that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995).

In performing the Court's screening function under § 1915(e)(2)(B), the Court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Fullman v.

Pennsylvania Dep't of Corr., No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing Weiss v. Cooley, 230 F.3d 1027, 1029 (7th Cir. 2000). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, -U.S.-, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8.

A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint,

a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. Id. (citing Twombly, 127 S.Ct. at 1965 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Phillips v. County of Allegheny, 515 F.3d at 234 (quoting Twombly, 127 S.Ct. at 1965 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Id. Because Plaintiff proceeds pro se, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

## III. ANALYSIS

This case was closed because Plaintiff failed to timely submit the USM-285 forms required for service. (D.I. 8.) Plaintiff advises the Court that she timely mailed the forms, but that there have been complaints in her neighborhood regarding mail service and she asks that the case be reopened. The Court will grant Plaintiff's Motion To Reopen the case. (D.I. 9.)

Plaintiff filed this lawsuit pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5 against her former

employer, Providence Creek Academy and three individuals, Taylor, Erschen, and Spence. (D.I. 2, 11.) Individual employees cannot be held liable under Title VII. <u>Sheridan v. E.I. DuPont de Nemours & Co.</u>, 100 F.3d 1061, 1077 (3d Cir. 1996). Therefore, Plaintiff should not have been allowed to proceed against Taylor. Accordingly, the Court will vacate the July 30, 2007 service Order. (D.I. 6.)

Inasmuch as there is no individual liability under Title VII, Plaintiff has failed to state a claim upon which relief may be granted against Defendants Taylor, Erschen, and Spence. The Court will dismiss them as Defendants pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff will be allowed to proceed against Defendant Providence Creek Academy.

**IV. CONCLUSION**

The Court will grant Plaintiff's Motion To Reopen the case. (D.I. 9.) The Court will vacate the July 20, 2007 service Order. (D.I. 6.) The Court will dismiss Defendants Taylor, Erschen, and Spence as the claims against them fail to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B). An appropriate Order will be entered.

-5-